UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARITA TORRES,

   Plaintiff,                     CASE NO.:

-vs-

TRANSWORLD SYSTEMS, INC., d/b/a TSI,

   Defendant.

_____/

## COMPLAINT

COMES NOW Plaintiff, Sarita Torres, by and through the undersigned counsel, and sues Defendant, TRANSWORLD SYSTEMS, INC., and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

## INTRODUCTION

1.  The TCPA was enacted to prevent companies like TRANSWORLD SYSTEMS, INC. from invading American citizen's privacy and prevent abusive "robo-calls."

2.  "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct. 740, 745, 181 L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of

47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

8.     Venue is proper in this District as Plaintiff resides within this District (Pasco County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Pasco County, Florida.

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person, and citizen of the State of Florida, residing in Wesley Chapel, Pasco County, Florida

10.     Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) and 15 U.S.C. § 1692(a)(3).

11.     Plaintiff is an "alleged debtor."

12.     Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

13.     Defendant is a corporation which was formed in Texas with its principal place of business located at 507 Prudential Road, Horsham, PA 19044 and which conducts business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, FL 33324.

14.     Defendant is a "debt collector" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

15.     The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6) and U.S.C. § 1692(a)(5).

16.    Plaintiff is the regular user and carrier of the cellular telephone number at issue, (407) *** - 5852, and was the called party and recipient of Defendant's hereinafter described calls.

17.    In or about September of 2015, Plaintiff began receiving calls to her aforementioned cellular telephone from Defendant seeking to recover an alleged debt.

18.    Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (407) 374-0137, (407) 374-0140, (407) 374-0152, (407) 401-7731, (407) 641-4947, (407) 641-2357, and (800) 716-1618, and when those numbers are called, a pre-recorded message answers "Currently all of our representatives are busy working with other customers. Your call is very important to us. A representative will be with you shortly," after which a live agent/representative answers the line, and identifies the company as "TSI."

19.    Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because when she answered a call from the Defendant she would hear an extended pause before a live agent/representative would come on the line.

4

20.     Furthermore, each of the calls at issue were placed by the Defendant using a "prerecorded voice," as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

21.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

22.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

23.     On or about September 16, 2015, Plaintiff answered a call from the Defendant, met with an extended pause, held the line and was eventually connected to an agent/representative of the Defendant named Julio Enrique, and informed the agent/representative Julio Enrique that she was not working, and demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

24.     During the aforementioned conversation on or about September 16, 2015 with Defendant's agent/representative Julio Enrique, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an automatic telephone dialing system or a pre-recorded or artificial voice.

25.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was done so without the "express consent" of the Plaintiff.

26.     Each subsequent call the Defendant made to the Plaintiff's aforementioned cellular telephone number was knowing and willful.

27.     Again on or about September 18, 2015, due to the ceaseless barrage of automated calls from Defendant, Plaintiff again answered a call from Defendant, met

with an extended pause, held the line and was eventually connected to an agent/representative of the Defendant named Anthony Anderson, and informed the agent/representative Anthony Anderson that they were harassing her, that she had already asked them to stop calling and they were not listening to her, and again demanded that the Defendant cease placing calls to her aforementioned cellular telephone number.

28.     Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse, calling the Plaintiff despite not having her express consent to call her aforementioned cellular telephone number.

29.     On at least thirty (30) occasions, Plaintiff has answered a call from Defendant, held the line to be connected to a live representative, and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

30.     Each of the Plaintiff's requests for the harassment to end were ignored.

31.     From about September of 2015 through about March of 2016, Defendant has placed approximately two-hundred fifty (250) calls to Plaintiff's aforementioned cellular telephone number. (Please see attached **Exhibit "A"** representing a non-exclusive call log of from September of 2015 and November of 2015).

32.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times in the same hour, during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

33.     As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anxiety, distress and aggravation.

34.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the number.

35.     Defendant's corporate policy and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have believed they had.

36.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals demanding that the Defendant stop calling them.

37.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

38.     Defendant violated the TCPA with respect to the Plaintiff.

39.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

40.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

41.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

42.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant  for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT II
### (Violation of the FCCPA)

43.     Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

44.     At all times relevant to this action, Defendant  is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

45.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the alleged debtor or any member of her or his family with such frequency as can reasonably be expected to harass the alleged debtor or her or his family.

46.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the alleged debtor or any member of her or his family.

47.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so

triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

### COUNT III
### (Violation of the FDCPA)

48.    Plaintiff fully incorporates and realleges paragraphs one (1) through thirty-nine (39) as if fully set forth herein.

49.    At all times relevant to this action Defendant is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

50.    Defendant has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

51.    Defendant has violated 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

52.    Defendant has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

s/*Shaughn C. Hill*
Shaughn C. Hill, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
Florida Bar #:  0105998
Attorney for Plaintiff

# Phone Call Log for (407) ***-5852

|     | Date       | Time     | Caller          |
| --- | ---------- | -------- | --------------- |
| 1.  | 09/10/2015 | 04:52 pm | (866) 585-2923  |
| 2.  | 09/11/2015 | 11:46 pm | (407) 374-0137  |
| 3.  | 09/11/2015 | 11:58 am | (800) 716-1618  |
| 4.  | 09/14/2015 | 01:47 pm | (407) 374-0137  |
| 5.  | 09/15/2015 | 09:01 am | (401) 374-0140  |
| 6.  | 09/16/2015 | 09:00 am | (407) 374-0152  |
| 7.  | 09/17/2015 | 08:20 am | (407) 374-0137  |
| 8.  | 09/18/2015 | 09:08 am | (401) 374-0140  |
| 9.  | 09/28/2015 | 10:24 am | (407) 374-0152  |
| 10. | 09/28/2015 | 07:58 pm | (407) 374-0152  |
| 11. | 09/29/2015 | 09:08 am | (407) 374-0137  |
| 12. | 09/30/2015 | 08:19 am | (407) 374-0140  |
| 13. | 11/11/2015 | 09:57 am | (407) 274-1040  |
| 14. | 11/12/2015 | 01:54 pm | (407) 641-4947  |
| 15. | 11/13/2015 | 08:04 am | (407) 641-2357  |
| 16. | 11/18/2015 | 09:07 am | (407) 641-4947  |
| 17. | 11/19/2015 | 09:09 am | (407) 401-7731  |
| 18. | 11/19/2015 | 02:15 pm | (407) 401-7731  |
| 19. | 11/23/2015 | 12:42 pm | (407) 401-7731  |
| 20. | 11/23/2015 | 05:25 pm | (407) 401-7731  |
| 21. | 11/24/2015 | 05:15 pm | (407) 641-4947  |
| 22. | 11/25/2015 | 08:20 am | (407) 401-7731  |

EXHIBIT "A"